```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
GARY SMITH JR.                                    CIVIL ACTION

VERSUS                                            NO: 08-1358

AUTO CLUB FAMILY INSURANCE                        SECTION: J(5)
COMPANY
```

### ORDER & REASONS

Before the Court is Defendant Auto Club Family Insurance Company ("ACFIC") **Motion for Summary Judgment** (Rec. Doc. 8), seeking dismissal of Plaintiff's based on alleged breaches of a homeowners insurance policy issued in favor of Plaintiff prior to Hurricane Katrina.  ACFIC seeks summary dismissal of Plaintiff's claims based on prescription of those claims under Louisiana law.

This motion was set for hearing on November 26, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds as follows.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff's claims arise out of damage to his property caused when Hurricane Katrina struck the city of New Orleans on August 29, 2005.

Plaintiff's claims were initially raised in a petition filed in the Civil District Court for the Parish of Orleans ("CDC") on August 29, 2007, with the caption "Gary Smith, Jr., Anthony Jones, and Barry D. Marqua [sic] v. American Automobile Insurance

Company."  See Rec. Doc. 1-1 in Civil Action No. 07-8805.  As indicated by the caption, the defendant in that case was American Automobile Insurance Company ("AAIC").  That case was removed to this Court and to this Section on November 15, 2007.  See Rec. Doc. 1 in Civil Action No. 08-8805.  This Court ordered on March 10, 2008, that the various plaintiffs' claims in Civil Action No. 08-8805 should be severed into individual suits, and that the individual parties should file amended complaints individually. Rec. Doc. 6 in Civil Action No. 08-8805.  Each plaintiff refiled his suit individually on March 19, 2008, but the three suits were allotted to different sections of this Court, and each named a different defendant insurer than AAIC.  See <u>Anthony Jones v. Auto Club Family Ins. Co.</u>, Civil Action No. 08-1359 (Vance, J.); <u>Barry Marquez v. Auto Club Family Ins. Co.</u>, Civil Action 08-1360 (McNamara, J.); <u>Gary Smith, Jr. v. Auto Club Family Ins. Co.</u>, Civil Action No. 08-1358 (Barbier, J.).

## THE PARTIES ARGUMENTS

ACFIC argues that Plaintiff's claims are prescribed under Louisiana law because the first petition filed that named it as a defendant was not filed until March 19, 2008, more than three years after the events of Hurricane Katrina that gave rise to Plaintiff's claims, and more than one year past the prescriptive deadline of September 7, 2007 as extended by the Louisiana

Legislature.[1]  ACFIC asserts that it is neither a parent or sister company of AAIC, nor affiliated in any way whatsoever with AAIC.  ACFIC further notes that AAIC retained its own attorneys in the August 29, 2007 suit in CDC, who filed responsive pleadings on behalf of AAIC in those proceedings.  This is further evidence, according to AFCIC, that AAIC is not related in any way to ACFIC.

As a result, ACFIC argues that Plaintiff's claims are prescribed on their face, and that his claims cannot be revived under a theory of "relation back" of his March 19, 2008 petition under either Louisiana or Fifth Circuit law.

In opposition, Plaintiff asserts that there was good cause for the error in the name of the defendant in this suit, and that AFCIC[2] will not be prejudiced by allowing this late-filed action to proceed.  In addition, Plaintiff makes the equitable argument that based on the inherent confusion of "[h]andling over several hundred Katrina claims," and based on the apparent similarity between the names of the ACFIC and AAIC, Plaintiff's claim should not be prescribed.

---

[1]  La. Rev. Stat. Ann. § 22:658.3 (2008).

[2]  Plaintiff perpetuates the problem of improperly naming defendants in this and the related Marquez and Jones cases by incorrectly referring to AFCIC intermittently in his Opposition as "AAA," "American Fire" and "American Empire."  Pl. Memo Opp. Summ. J., 5.

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**B.     Prescription under Louisiana Law**

Louisiana law provides a one year prescriptive period for claims for damage to immovable property, commencing from the day the owner knew or should have known of the damage.  La. Civ. Code Art. 3493.  Based on Art. 3493, damage claims arising from the events of Hurricane Katrina would have been prescribed as of August 29, 2006, but the Louisiana legislature extended the period for claims against property insurers  arising from Katrina until September 1, 2007.  La. Rev. Stat. Ann. § 22:658.3(A) (2008).  As such, any plaintiff with claims against insurers would have had to file suit before September 1, 2007 to prevent his claim from prescribing.  Furthermore, a plaintiff would have

4

to file that suit in a court of competent jurisdiction and venue in order to interrupt the prescriptive period. La. Civ. Code. Art. 3462. If a plaintiff did not file his claim in a competent court and proper venue, the only means of interrupting prescription would be service of process on the defendant within the prescriptive period. Id.

Despite the above rules, both Louisiana and federal procedure allow late-filed amendments to relate back to timely filed claims under certain specific circumstances. Federal Rule of Civil Procedure 15(c)(3) provides that an amendment relates back to the original pleading if (1) the law that provides the applicable statute of limitations (i.e. prescriptive period) allows relation back; (2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; and (3) the amendment changes the party or naming of the party and the new or newly named defendant received notice of the action so as to preclude prejudice and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. Proc. 15(c).

Louisiana law provides a similar relation back mechanism: "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set

5

forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La. Code Civ. Proc. Art. 1153. Because Art. 1153 is based on Rule 15, Louisiana courts apply essentially the same test as Rule 15, but state the test in a four-part instead of a three-part framework. Thus, relation back of an amendment under Louisiana law requires: (1) a factual nexus, that is the cause of action in the amended petition must arise out of the same transaction or occurrence as that involved in the original petition; (2) the new defendant must have received actual notice of the original action so that there is no prejudice to its rights; (3) the new defendant must know or have reason to have known that it would have been named in the original petition but for a mistake in identity; and (4) the new defendant must not be a wholly new or unrelated defendant as to the defendant in the original petition. Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La. 1983). As a result, under the relation back framework, when an amended complaint adds "an additional defendant, not a misnamed defendant," the amendment is essentially the filing of a new cause of action, and the relation back rule does not apply. See Braud v. Transp. Serv. Co., 445 F.3d 801, 808 (5th Cir. 2006); Ray, 434 So. 2d at 1085-87.

In this case, Plaintiff filed his original complaint on August 29, 2007, within the prescriptive period for immovable

property damage claims arising from Hurricane Katrina. However, that original complaint named only AAIC as the defendant. Accordingly, that original complaint interrupted prescription of Plaintiff's claims only as to the defendant AAIC. However, ACFIC was neither sued in a court of competent jurisdiction and venue or served with any petition by Plaintiff before the September 7, 2007 accrual of prescription on Plaintiff's Katrina claims. As a result, Plaintiff did not interrupt prescription as against ACFIC by his August 29, 2007 lawsuit or by any other actions taken against AAIC.

Furthermore, Plaintiff's amended complaint, filed on March 19, 2008 against ACFIC, was filed beyond the prescriptive period for Katrina claims, and against a wholly unrelated defendant with respect to Plaintiff's original complaint against AAIC. As the unrefuted summary judgment evidence shows, ACFIC shares no relationship whatsoever with AAIC: "[AAIC] is neither a parent, nor sister company of ACFIC, and is in no way affiliated and/or associated with ACFIC," and "[AAIC] is a separate, distinct, independent legal entity from ACFIC." Def. Reply Supp. Summ. J., Ex. 1 at ¶¶ 4-5. As a result, Plaintiff's March 19, 2008 complaint does not relate back to his original petition filed within the prescriptive period against AAIC on August 29, 2007.

This case is similar to Judge McNamara's decision in <u>Marquez v. Auto Club Family Ins. Co.</u>, Civil Action No. 08-1360, Rec. Doc.

19 (McNamara, J.).  Marquez involved one of the three plaintiffs who initially filed their claims together in CDC, but were then ordered to refile amended claims separately after their case was removed to this court.  Id. at 2.  Plaintiff Marquez, like Plaintiff in this case, refiled his amended complaint on March 19, 2008 in this Court, and the case was allotted to Section "I".  Id.  In Marquez, ACFIC filed the same Motion for Summary Judgment, with the same Memorandum in Support (except for appropriate party name changes), and Marquez filed an opposition identical to the Opposition filed by Plaintiff in this case.  See Marquez, Rec. Docs. 8 & 13.  Based on almost identical facts as those at issue in this case,[3] the Marquez court held that Marquez's claims against ACFIC were prescribed.

Similarly, Plaintiff's claims in this case are prescribed.

---

[3] The Court recognizes that the Marquez court relied to some extent on the fact, not present in this case, that ACFIC sent Marquez a letter on February 20, 2006, regarding the process for making a claim for recoverable depreciation under his ACFIC policy.  Civil Action No. 08-1360, Rec. Doc. 19, at 5 n.5.  Based on this letter, the Marquez court noted that "[t]here [was] no legitimate reason why [Marquez] could not have timely named the correct defendant . . . particularly when he had full knowledge of who is [sic] own insurer was."  Id.  While this Court recognizes that there is no allegation regarding any such correspondence in this case, this lack of correspondence is irrelevant to the present motion.  Further, while ACFIC apparently had some pre-prescription correspondence with Marquez, there is no allegation of any such contact prior to prescription in the summary judgment record in this case.  As such, the lack of correspondence actually supports ACFIC's motion even further, because it suggests that ACFIC had no knowledge of Plaintiff's claims prior to the filing of the March 19, 2008 lawsuit.

Plaintiff did not file suit against ACFIC in a court of competent jurisdiction and venue prior to the September 7, 2007 prescriptive date under Louisiana law for claims arising from Hurricane Katrina.  In addition, Plaintiff did not serve ACFIC with process before that September 7, 2007 prescriptive date. Finally, Plaintiff's amended petition filed on March 19, 2008 does not meet either the three or four part test for relation back under Federal and Louisiana law.  Although the amended complaint did arise out of the same transaction or occurrence as Plaintiff's original complaint, ACFIC did not receive actual notice of Plaintiff's claims prior to the amended complaint, had no reason to know it would have been named but for mistaken identity, and is in fact a wholly new and unrelated defendant from AAIC, the defendant in the original complaint.  As a result, Plaintiff's amended complaint of March 19, 2008 is "tantamount to assertion of a new cause of action which would have otherwise prescribed," and as such should not relate back to his original complaint.  <u>Ray</u>, 434 So.2d at 1087.  Accordingly,

**IT IS ORDERED** that ACFIC's **Motion for Summary Judgment** (Rec. Doc. 8) is **GRANTED**.

New Orleans, Louisiana this 25th day of November, 2008.

CARL J. BARBIER

```
                                        UNITED STATES DISTRICT JUDGE
```